IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL D. DEUEL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-08-144-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| GARY BARRIER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Idaho state prisoner Michael D. Deuel has filed a Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2254. The Court is required to screen the Petition to

determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules

Governing Section 2254 Cases. Summary dismissal is appropriate where "it

plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Id.*

### REVIEW OF THE PETITION

After a jury trial in state district court, Petitioner was convicted of grand

theft. The jury also found Petitioner to be a persistent violator of the law, which

subjected him to a sentencing enhancement, and the district court sentenced him to

an aggregate term of 20 years in prison, with the first two years fixed. The Idaho

Court of Appeals affirmed the judgment on appeal, and Petitioner did not seek

**Initial Review Order - 1**

review of that decision in the Idaho Supreme Court.  His subsequent application for

post-conviction relief and motion to correct an illegal sentence were likewise

unsuccessful.

On March 27, 2008, Petitioner filed his Habeas Corpus Petition, raising

three claims for relief.  The Court has reviewed the Petition and concludes that it

will not be summarily dismissed at this time, although it may still be dismissed on

procedural grounds not yet apparent to the Court.  Accordingly, the Clerk of Court

shall serve a copy of the Petition and its attachments on the Idaho Attorney

General, on behalf of Respondent Gary Barrier, who shall file an answer or other

appropriate responsive motion within 60 days of the date of this Order.

Petitioner should be aware of the following standards of law that may apply,

depending on the facts and circumstances of his case.

(1)     <u>Statute of Limitations</u>

The Petition is governed by the provisions of the Anti-Terrorism and

Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-

year period of limitation applies to an application for a writ of habeas corpus.  28

U.S.C. § 2244(d)(1).  The one-year period  begins to run from the date of one of

four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most

common triggering event is the date upon which the judgment became final, either

**Initial Review Order - 2**

after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

(2)    Exhaustion and Procedural Default

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a federal constitutional claim properly, the petitioner must first have fairly presented it to the highest state court

**Initial Review Order - 3**

for review in a procedurally proper manner under state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless the petitioner has exhausted his state court remedies relative to a particular claim, the federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner did pursue the claim in state court, but the state court rejected it on a clearly expressed and consistently applied state procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily

**Initial Review Order - 4**

demonstrate that some objective factor external to the defense impeded his or his

counsel's efforts to comply with the state procedural rule at issue.  *Murray v.

Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the

burden of showing not merely that the errors [in his proceeding] constituted a

possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire [proceeding] with errors of constitutional

dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he

can still bring the claim in a federal habeas petition if he demonstrates that failure

to consider the claim will result in a "fundamental miscarriage of justice," which

means that a constitutional violation has probably resulted in the conviction of

someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496; *Schlup v.

Delo*, 513 U.S. 298, 329 (1995).

(3)   Claims Proceeding on Merits

For any of Petitioner's claims that survive these procedural requirements and

proceed on the merits, Petitioner shall bear the burden of proving that the state

court judgment either "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States"; or that it "resulted in a decision that was

**Initial Review Order - 5**

based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d).

## MOTION TO PROCEED IN FORMA PAUPERIS

Because Petitioner has already paid the $5.00 filing fee, his Application for

In Forma Pauperis Status is moot with respect to the fee, but the Court will grant

the request for the remainder of this proceeding.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's

Application for in Forma Pauperis Status (Docket No. 4) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for

Appointment of Counsel, contained within the Petition, is DENIED without

prejudice to reconsideration at a later time.

IT IS FURTHER ORDERED that  that the Clerk of Court shall serve the

Petition for Writ of Habeas Corpus (Docket No. 1) with a copy of this Order on the

Attorney General for the State of Idaho, on behalf of Respondent Barrier, as

follows:

**Initial Review Order - 6**

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

If service of the Petition has previously been made to the Attorney General, the Clerk of Court need not send an additional copy unless requested.

IT IS FURTHER ORDERED that Respondent shall file an answer or other appropriate responsive motion within 60 days after entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that are relevant to a determination of the issues presented, in accordance with all applicable rules, including Habeas Rule 5.  Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a responsive brief within 30 days after service of Respondent's motion.  Respondent may file a reply within 14 days after service of the response.  The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of an answer.

**Initial Review Order - 7**

IT IS FURTHER ORDERED that if Respondent instead files an answer to the Petition, the parties shall file all dispositive motions within 30 days after the answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

IT IS FURTHER ORDERED that all pleadings and briefing shall comply with applicable rules, including the Local Rules of the District of Idaho.  No supplemental briefs, responses, replies, or notices not contemplated by the Rules shall be filed without leave of Court.  The deadlines in this Order supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."

IT IS FURTHER ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.  The failure to do so may result in dismissal.

DATED:  **May 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Initial Review Order - 8**