**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MICHAEL D. DEUEL,<br><br>Petitioner,<br><br>v.<br><br>GARY BARRIER,<br><br>Respondent. | Case No. CV 08-00144-S-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion for Summary Judgment. The parties have consented to a United States Magistrate Judge exercising jurisdiction in this matter, in accordance with 28 U.S.C. § 636(c). (Docket No. 15.)

The Court finds that the decisional process will not be aided by oral argument, and it shall resolve this matter on the written submissions. D. Idaho L. Civil R. 7.1(d). For the reasons set forth more fully herein, the Court grants Respondent's Motion.

## I.

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of grand theft based on his unauthorized writing of checks totaling more than $1,000 on his grandfather's account. (State's Lodging A-1, pp. 41-50.) The jury also found Petitioner to be a persistent violator of the law, which subjected him to a sentencing enhancement, and the district court sentenced him to an aggregate term of 20 years in prison with the

first two years fixed. (State's Lodging A-1, pp. 105-111.) The Idaho Court of Appeals affirmed the judgment on appeal, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-7, B-10.) Petitioner's subsequent application for post-conviction relief and motion to correct an illegal sentence were likewise unsuccessful. (State's Lodgings C-1, D-1, pp. 21-22.)

On March 27, 2008, Petitioner filed his Habeas Corpus Petition, raising the following claims: (1) the sentence is based on a statute that violates the Fourteenth Amendment's equal protection and privileges and immunities clauses; (2) the persistent violator statute, Idaho Code § 19-2514, is an unlawful bill of attainder in violation of "article 1, section 10(1) of the United States Constitution"; and (3) Petitioner was denied equal protection of the laws under the Fourteenth Amendment because the application of the persistent violator statute depends upon whether similarly situated defendants are sentenced to prison or only to pay a fine. (Docket No. 1, pp. 2-3.)

Respondent has filed an Answer and a Motion for Summary Judgment. Petitioner has submitted his response, and this matter is now ripe for the Court's decision.

## II.

## STANDARD OF LAW

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id*. In general, summary judgment is not inconsistent with habeas practice and procedure, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of properly exhausted constitutional claims. Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

For a state court decision to be "contrary to" federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*,

529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause of § 2254(d)(1), the state court must have been "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding."[1]

[1] Petitioner does not argue that he is entitled to relief under 28 U.S.C. § 2254(d)(2), and that subsection will not be discussed further.

## III.

## DISCUSSION

1. Loss of Voting Rights Based on Imprisonment Status

Idaho Code § 18-2408 authorizes a state district court to sentence a defendant who has been convicted of grand theft to imprisonment in the state prison, to pay a fine, or both. Petitioner was sentenced to 20 years in prison with the first two years fixed.

In his first claim, Petitioner alleges that only those criminal defendants in Idaho who are actually sentenced to prison forfeit certain civil rights, specifically the right to vote, while those who are ordered to pay a fine without imprisonment do not forfeit those rights. According to Petitioner, this distinction impermissibly burdens the fundamental rights of one class of defendants while favoring another class convicted of the same crime, in violation of the equal protection and privileges and immunities clauses of the Fourteenth Amendments.

In *Richardson v. Ramirez*, 418 U.S. 24 (1974), the Supreme Court held that states may disenfranchise convicted felons without violating the Fourteenth Amendment. In reaching that conclusion, the Court observed that section 2 of the Fourteenth Amendment provides for reduced representation in the States "when the right to vote at any election ... is denied ... or in any way abridged, except for participation in rebellion, *or other crime*." *Id*. at 43 (emphasis added). The Court determined that this affirmatively allowed the states to deny felons the right to vote. *Id*.

Therefore, because a state may disenfranchise all convicted felons, it can also

distinguish between them so long as the distinction is rationally related to a legitimate state interest. *See, e.g., Owens v. Barnes*, 711 F.2d 25, 27 (3rd Cir. 1983); *Shepherd v. Trevino*, 575 F.2d 1110, 1115 (5th Cir. 1978). A state may rationally decide that imprisonment should be accompanied by the loss of the right to participate in the democratic process, but that defendants who have merely paid a fine or have since completed their sentences, presumably rehabilitated, should be permitted to re-engage in that process. *Owens*, 711 F.2d at 28.

In light of the foregoing, Petitioner is unable to show that the state court's decision was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, and Respondent is entitled to judgment as a matter of law on this claim.

2. Persistent Violator Statute–Bill of Attainder

The Idaho persistent violator statute provides, in relevant part, that:

> [a]ny person convicted for the third time of the commission of a felony ... shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Idaho Code § 19-2514.

In his second claim for relief, Petitioner asserts that this statute is an unconstitutional bill of attainder. A bill of attainder is any legislation that targets an easily ascertainable group, determines guilt, and inflicts punishment without the protections of a judicial trial. *United States v. Brown*, 381 U.S. 437, 448-49 (1965).

Although Petitioner's precise argument is less than clear, he seems to suggest that the statute punishes a group (those with prior felony convictions) without the protections of a judicial trial. He is incorrect.

Idaho Code § 19-2514 does not create a completely new offense with a separate punishment; instead, it provides for an enhanced penalty after a defendant has been found guilty of a third felony offense. *See State v. Haggard*, 146 Idaho 37, 39, 190 P.3d 193, 195 (Idaho Ct. App. 2008) (citations omitted). In other words, the statute authorizes a stiffened penalty for the latest crime, which is considered to be an aggravated offense because of the defendant's recidivism. *State v. Martinez*, 107 Idaho 928, 929-30, 693 P.2d 1130, 1131-32 (Idaho Ct. App. 1985). In addition, the determination whether a defendant is a persistent violator is made by a jury or, in some cases, admitted to by the defendant if he waives his right to a jury determination.

Because Idaho Code § 19-2514 "doesn't single out a specific group or individual, it does not impose punishment, and judicial protections are a required prerequisite to the imposition of an enhanced sentence pursuant to its terms," it is not a bill of attainder. *Haggard*, 146 Idaho at 39-40, 190 P.3d at 195-96. This Court concludes that the state court's rejection of this claim is neither contrary to nor an unreasonable application of clearly established federal law.

3. Persistent Violator Statute–Equal Protection Violation

For his final claim, Petitioner raises an equal protection argument based on what

he perceives to be the uneven application of the persistent violator statute. According to Petitioner, only those defendants who are actually sentenced to imprisonment are exposed to an enhanced penalty, as opposed to those who receive only a fine, thus creating two discernible yet similarly situated classes of convicted felons who are treated differently under state law.

Contrary to the premise underlying Petitioner's argument, the enhanced penalty in the statute applies in *all* cases in which a defendant has been found guilty of being a persistent violator. A trial court would have no authority in such a case to impose *only* a fine, though it would have the discretion to suspend a prison sentence within the statutory range and place the defendant on probation. *See State v. Harrington*, 133 Idaho 563, 567, 990 P.2d 144, 148 (Idaho Ct. App. 1999) (holding that the trial court "was free to impose a sentence within the range provided, including suspending the sentence"). Consequently, Petitioner has not shown that the statute applies in a discriminatory fashion such that the equal protection clause of the Fourteenth Amendment is implicated, and the state court's adjudication of this claim passes the standard of review in 28 U.S.C. § 2254(d)(1).

For these reasons, the Court concludes that there are no genuine issues of material fact as to any claim in the Petition and that Respondent is entitled to judgment as a matter of law.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 18) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DENIED.




DATED: **January 8, 2009**.

Honorable Larry M. Boyle
U. S. Magistrate Judge